**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NEWAY MENGISTU, an individual, | No. 22-55690 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-05118-ODW-JC |
| v. | |
| FORESTVIEW APARTMENTS, LLC, a California Limited Liability Company; ALBERT NAVI, an individual and others to be joined under Rule 19 of the Federal Rules of Civil Procedure, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted August 27, 2024[**]

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

Neway Mengistu, proceeding pro se, appeals from the district court's

summary judgment in his action alleging that Forestview Apartments, LLC, and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

apartment manager Albert Navi discriminated against him in violation of the Fair Housing Act ("FHA") and California law when they decided not to rent an apartment to him because of the high cost of renovations to make it accessible. We review de novo. *Soto v. Sweetman*, 882 F.3d 865, 869 (9th Cir. 2018). We affirm.

Mengistu filed his district court lawsuit on June 12, 2019. The district court properly granted summary judgment because the claims began to accrue on May 11, 2017, when defendants informed Mengistu of their decision not to rent to him, and therefore are barred by the two-year statute of limitations. *See id.* at 871-72 (explaining that federal law governs when a claim accrues, which is "when the plaintiff knows or has reason to know of the injury which is the basis of the action" (citation and internal quotation marks omitted)). It properly rejected Mengistu's contention that the claims did not begin to accrue until June 12, 2017, when defendants' counsel sent him a letter reiterating their position, because the letter does not demonstrate a pattern or practice creating an ongoing violation. *See The Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 702 (9th Cir. 2008) ("The continuing violations doctrine permits a plaintiff to sue for all discriminatory acts that occurred during the limitations period, even if the policy or other event giving rise to the discrimination occurred outside the limitations period," but the "plaintiff must show that a pattern or practice creates an ongoing violation.").

The district court properly granted summary judgment on Mengistu's discrimination claims on the additional ground that he had failed to raise a triable dispute as to whether his requested accommodations were reasonable, whether defendants made the apartment unavailable or otherwise took any adverse action against him, or whether defendants discriminated against him. *See* 42 U.S.C. § 3604(f)(1) (FHA, stating that it us unlawful to "discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap"); *Dubois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006) (explaining that an FHA discrimination claim premised on refusal to make reasonable accommodations requires the plaintiff to show, among other things, "that the accommodation is reasonable"); *see also* Cal. Gov't Code § 12927(c)(1) (California Fair Employment and Housing Act); Cal. Civil Code § 54.1(b)(3)(A) (California Unruh Act).

**AFFIRMED.**